IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RICKIE FOY** (K-98465), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 15 C 3071 |
| | ) | |
| **JOHN DOE #1**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

In this newly-filed lawsuit by pro se prisoner plaintiff Rickie Foy ("Foy") brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), he sues the City of Blue Island and unidentified Blue Island Police Officers on his claim that he was subjected to excessive force during his arrest. This Court has engaged in the initial screening called for by 28 U.S.C. § 1915A(a),[1] and it finds Foy's claims to be both viable and "plausible" within the meaning of the Twombly-Iqbal canon (although no factual findings are of course made at this early date).

Accompanying Foy's Complaint, prepared on the form provided by the Clerk's Office for use by such plaintiffs, are two other Clerk's-Office-supplied printed forms: an In Forma Pauperis Application ("Application") and a motion seeking the designation of pro bono counsel to represent Foy ("Motion"). Foy's Application is deficient in its failure to provide all of the information called for by Section 1915(a)(2), for it does not contain a certified copy of his trust fund statements for the entire six-month period immediately preceding the filing of the

---

[1] All further references to Title 28 provisions will take the form "Section --," omitting the prefatory "28 U.S.C."

Complaint on April 2, 2015.[2] Instead Foy has included such statements for only part of that six-month period, so that he has not complied with the statutory requirement, and this Court therefore needs additional financial information to complete the necessary calculation under Section 1915(b)(1). Because Foy has not been in custody at his present place of confinement at Centralia Correctional Center and at his earlier place of confinement at Stateville Correctional Center for an aggregate six-month period, he must thus also provide a trust fund statement or statements from those or any other places of detention during that time frame..

This Court will nonetheless grant Foy in forma pauperis ("IFP") status provisionally on the basis of the materials that he has provided and their clear indication that he will ultimately qualify for the special form of IFP treatment applicable to prisoner plaintiffs under Section 1915(b)(1). To that end Foy is ordered to comply with the requirements of Section 1915 by sending to the Clerk's office all additional trust fund statements for the remainder of the six-month period preceding his filing suit: that is, (1) from October 2, 2014 through February 15, 2015 and (2) from March 27 through April 2, 2015. Foy is ordered to submit those statements on or before May 12, 2015, failing which this action may be dismissed.

As for Foy's Motion seeking attorney representation, it is granted because of the nature of the allegations made in the Complaint and because he does not know the identities of the police officers. This Court hereby requests that Gary Prior of Tabet DiVito & Rothstein, LLC, The Rookery Building, 209 South LaSalle Street, Seventh Floor, Chicago, IL 60604 provide Foy with assistance of counsel and represent him in accordance with counsel's trial bar obligations

---

[2] That appears to be the date of "filing" of Foy's papers under the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1998)).

under this District Court's LR 83.37.[3]  Attorney Prior is ordered to review the Complaint promptly and to confer with Foy to determine whether he will proceed with the Complaint on file or submit an Amended Complaint within 56 days.  If counsel is unable to proceed or to file an amended complaint that comports with counsel's obligations under Fed. R. Civ. P. 11, he should so inform this Court as promptly as possible.  In any event, this action is set for a status hearing at 9 a.m. June 24, 2015.

### Conclusion

In summary, (1) Foy's Application for in forma pauperis status is granted provisionally subject to his compliance with the obligations imposed by 28 U.S.C. § 1915(a) and (b) on or before May 12, 2015, failing which this action may be dismissed, and (2) Foy's Motion seeking the designation of pro bono counsel to represent him is granted (attorney Gary Prior is so designated).  Finally, this action is set for a status hearing at 9 a.m. June 24, 2015.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 14, 2015

---

[3] That assistance should include helping Foy to obtain the required trust fund statements, a task obviously easier for counsel than for Foy himself to accomplish.