**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICKIE FOY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 3071 |
| | ) | |
| **CITY OF BLUE ISLAND**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Counsel for the City of Blue Island ("Blue Island") and another lawyer serving as counsel

for a number of Blue Island police officers who have also been sued as its codefendants

("Defendant Officers") have filed separate Answers and Affirmative Defenses ("ADs") to the

Amended Complaint that Rickie Foy ("Foy") has brought against all of them (as well as against

other non-Blue-Island defendants not involved in the subject matter of this opinion) for asserted

violations of 42 U.S.C. § 1983. Because it is obvious that the two sets of counsel have worked

together in the preparation of their respective responsive pleadings,[1] this memorandum opinion

and order is prompted by problematic aspects of the ADs in both pleadings.[2]

Because a number of the ADs are advanced in both responsive pleadings, this opinion

will cross-reference such in-common ADs in the analysis that follows. And in the interest of

---

[1] This is not at all said by way of criticism. On the contrary, that handling has been
commendable in facilitating this Court's ability to review the two pleadings more readily for
present purposes.

[2] No views are expressed here as to the Answers themselves. Any disputes that may
exist or may hereafter arise in connection with their content or nature will be left to counsel for
the litigants to address.

brevity of reference, the respective ADs will be referred to as "City's AD --" and "Officers' AD --." What follows will deal with the City's ADs first and then turn to the Officers' ADs.

As for the City's ADs:

1.      City's AD 1 looks to a provision of the Illinois statute that bars liability of a governmental entity for tort damages where its employee "was acting outside the scope of his employment." But with Foy's allegations being accepted as true (as is required for AD purposes -- see App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), that provision is simply inapplicable, so that City's AD 1 is stricken. City's AD 2 adds nothing to the mix for much the same reason, and it too is stricken.

2.      City's AD 3 acknowledges that the Illinois statute referred to there is inapplicable as to employees' "willful and want [sic -- should of course be 'wanton'] conduct." Those pejorative characterizations certainly fit Foy's allegations, so City's AD 3 is stricken too.

3.      City's AD 4 is really meaningless in the current context, so that it also falls by the wayside and it too is stricken.

4.      Each of City's ADs 6 and 7 begins "To the extent . . . ." That locution is a sure tipoff to a purported AD being purely speculative and hypothetical, so that it is not a current defense. Both of those ADs are also stricken.

5.      As to City's AD 8, nothing in Foy's allegations states or implies the invalidity of his felony conviction, so that Heck v. Humphrey, 512 U.S. 477 (1994) is not in play. That AD is stricken as well.

6. City's AD 9 makes assertions of claimed facts that really do not bear on

Foy's constitutional claims as such. So that AD is also stricken.

In summary, all of City's ADs are stricken except for City's AD 5, which is made relevant by part

of the prayer for relief in Foy's Count III (advanced solely against Blue Island).

To turn to the Officers' ADs:

1. Officers' AD 1 asserts qualified immunity, but in doing so it is totally at

odds with the basic proposition, stated earlier as to City's AD 1, that an

AD accepts the well pleaded allegations of a complaint as gospel. So

Officers' AD 1 is also stricken.

2. As for Officers' AD 2, it suffers the same infirmity as City's AD 2, so that

it is stricken for the same reason.

3. Officers' ADs 3 and 4 are stricken for the same reasons as City's ADs 6

and 7.

4. Finally, Officers' AD 5 is stricken for the same reason as City's AD 8.

In sum, all of the Officers' ADs are stricken.

           _Milton I. Shadur_
_____
           Milton I. Shadur
           Senior United States District Judge

Date: July 9, 2015