IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RICKIE FOY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 3071 |
| | ) | |
| **CITY OF BLUE ISLAND**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This Court has received and reviewed the Answer filed by defendant Dennis Lazinek ("Lazinek") to the Amended Complaint ("AC") brought by Rickie Foy ("Foy") against Lazinek and a substantial number of other defendants. With a single limited exception, Lazinek's responsive pleading reflects thoughtful and meticulous attention by Lazinek's counsel to federal pleading principles.[1] That single exception is found in Answer ¶ 29's motion to strike the corresponding paragraph in the AC, but neither criticism of AC ¶ 29 set out in that motion is well-taken, so that the motion is denied. That being the case, only the following portion of Answer ¶ 29 remains:

> Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 29, 2015

---

[1] That particularly appears to be the case as to counsel's repeated invocation of the disclaimer made available by Fed. R. Civ. P. ("Rule") 8(b)(5) for use when a defendant cannot in good conscience comply with the dictate of Rule 8(b)(1)(B) as to an allegation in the plaintiff's complaint. In large part that extensive employment of Rule 8(b)(5) disclaimers has been occasioned by the constant use of the undifferentiated term "defendants" in the AC by Foy's counsel, rather than alleging which defendant did what.